# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

```
SCOTT S. ROENIGK,                    )
                                     )
Plaintiff,                           )
                                     )
vs.                                  )    NO. 1:14-CV-150
                                     )
CAROLYN W. COLVIN,                   )
COMMISSIONER OF THE                  )
SOCIAL SECURITY ADMINISTRATION       )
                                     )
Defendant.                           )
```

## OPINION AND ORDER

This matter is before the Court for review of the Commissioner of Social Security's decision denying Disability Insurance Benefits to Plaintiff, Scott Stephen Roenigk. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED.**

BACKGROUND

On January 9, 2012, the Plaintiff, Scott Stephen Roenigk ("Roenigk"), filed an application for Disability Insurance Benefits ("DIB"). Roenigk alleged that he was disabled due to bi-polar disorder. The Social Security Administration denied his initial application and also denied his claim on reconsideration. On February 7, 2013, the Plaintiff appeared with counsel, Vernos J. Williams, at an administrative hearing before Administrative Law Judge ("ALJ") William D. Pierson ("Pierson"). (Tr. 24-68). At this hearing, Roenigk amended his request for benefits to a request for a closed period of time beginning on August 1, 2010,

and ending March 5, 2012. Testimony was provided by Roenigk and Sharon Ringenberg (a vocational expert or "VE"). (Tr. 24-68). On May 13, 2013, ALJ Pierson denied the claimant's DIB claim, finding that Roenigk was not disabled during the relevant time period because he could perform a significant number of jobs in the national economy, despite his limitations. (Tr. 9-19).

On May 13, 2013, Roenigk requested that the Appeals Council review the ALJ's decision and the request was denied on April 23, 2014. (Tr. 1). Accordingly, the ALJ's decision became the Commissioner's final decision. *See* 20 C.F.R. § 422.210(a)(2005). The claimant has initiated the instant action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

DISCUSSION

Review of Commissioner's Decision

This Court has authority to review the Commissioner's decision to deny social security benefits. 42 U.S.C. § 405(g). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." *Id*. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quotation omitted). In determining whether

substantial evidence exists, the Court shall examine the record in its entirety, but shall not substitute its own opinion for the ALJ's by reconsidering the facts or reweighing the evidence. *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). With that in mind, however, this Court reviews the ALJ's findings of law de novo and if the ALJ makes an error of law, the Court "may reverse without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999).

As a threshold matter, for a claimant to be eligible for benefits under the Social Security Act, the claimant must establish that he is disabled. To qualify as being disabled, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382(a)(1). To determine whether a claimant has satisfied this statutory definition, the ALJ performs a five-step evaluation:

> Step 1: Is the claimant performing substantial gainful activity: If yes, the claim is disallowed; if no, the inquiry proceeds to step 2.
>
> Step 2: Is the claimant's impairment or combination of impairments "severe" and

expected to last at least twelve months? If not, the claim is disallowed; if yes, the inquiry proceeds to step 3.

Step 3: Does the claimant have an impairment or combination of impairments that meets or equals the severity of an impairment in the SSA's Listing of Impairments, as described in 20 C.F.R. § 404 Subpt. P, App. 1? If yes, then claimant is automatically disabled; if not, then the inquiry proceeds to step 4.

Step 4: Is the claimant able to perform his past relevant work? If yes, the claim is denied; if no, the inquiry proceeds to step 5, where the burden of proof shifts to the Commissioner.

Step 5: Is the claimant able to perform any other work within his residual functional capacity in the national economy: If yes, the claim is denied; if no, the claimant is disabled.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v); see also *Herron v. Shalala*, 19 F.3d 329, 333 n. 8 (7th Cir. 1994).

In this case, the ALJ found that Roenigk suffered from the following severe impairments: bipolar disorder and obesity. (Tr. 11). The ALJ found that Roenigk did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526). *Id*. The ALJ also found that Roenigk had the residual functional capacity ("RFC") to perform:

> medium work as defined in 20 C.F.R. 404.1567(c) except he can lift 25 pounds frequently and 50 pounds occasionally; can

-4-

>            sit 6 hours out of an 8-hour workday; can
>            stand/walk 6 hours out of an 8-hour workday;
>            is limited to superficial interaction with
>            co-workers, supervisors, and the public, when
>            *superficial* is defined as occasional casual
>            contact not involving prolonged conversation,
>            although contact with supervisors would still
>            involve necessary instructions; and is
>            limited to simple, routine and repetitive
>            tasks in low stress jobs with no more than
>            occasional decision-making and occasional
>            changes in the work setting.

(Tr. at 14).

After considering Roenigk's age[1], education[2], work experience[3] and RFC, the ALJ relied upon the testimony of the VE and concluded that Roenigk was not disabled and not entitled to DIB because he was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. (Tr. 18). Thus, Roenigk's claim failed at step five of the evaluation process.

Roenigk asserts that the ALJ committed several errors requiring reversal. While Roenigk is not represented by counsel at this time, he nonetheless bears the burden of showing that the ALJ committed reversible error. *Cadenhead v. Astrue*, 410 F.App'x 982, 994 (7th Cir. 2011)(*pro se* litigants "must present arguments supported by legal authority and citations to the record.").

---

[1] Roenigk was born on November 27, 1960. (Tr. 17).
[2] Roenigk has at least a high school education and is able to communicate in English. (Tr. 17).
[3] In the past fifteen years, Roenigk has worked as a pension analyst. (Tr. 17).

This Court will give Roenigk a certain degree of latitude given his *pro se* status, but he must nonetheless satisfy his burden of proof. With this guidelines in mine, each of Roenigk's arguments will be addressed in turn.

First, Roenigk complains about the length of time the SSA took to decide his claim: it took the Appeals Council almost a year to decide not to review the case. The timing of the decision not to grant review provides no basis for appeal. Furthermore, any error in denying his request for review is not reviewable by this Court. *See Eads v. Sec'y of HHS*, 983 F.2d 815, 817 (7th Cir. 1993)(noting that, where the Appeals Council has refused to review a case, the decision reviewed by this Court is the decision of the ALJ).

Roenigk also points out that he is seeking benefits for a closed period beginning on August 10, 2010, and ending on March 5, 2012. Unfortunately, his hearing before the ALJ did not take place until 11 months after the end of the closed period. He does not claim that he was disabled within the meaning of the SSA at the time of his hearing – only that he was disabled during the prior closed period. As a result of the timing of the hearing, Roenigk believes the ALJ unfairly judged whether he was disabled from August 10, 2010, until March 5, 2012, based on his appearance at the hearing 11 months later. While the timing of the hearing in this case was unfortunate, Roenigk has not

provided any citation to the record which demonstrates that the ALJ failed to properly consider the prior period of time.

Additionally, Roenigk notes that the work he obtained following his alleged period of disability paid substantially less than his past relevant work: 46% according to Roenigk's calculations. This is irrelevant. The relevant inquiry is not whether he can perform work that would yield income comparable to his prior income level. The relevant inquiry is whether he can perform any other work within his residual functional capacity in the national economy.

Similarly, Roenigk argues in his reply brief that the SSA does not deny that he is "disabled" and that he had paid into the system, and states that, "I qualify to receive disability benefits based on my lifetime contributions." (DE #15 at 2). That is not how this works. First, having an impairment, even a serious impairment (as Roenigk clearly does and the ALJ acknowledges), does not entitle one to benefits. Paying into the system (or in Social Security lingo, earning sufficient sums of money to have enough qualifying quarters during the preceding 10 year period) is only one requirement to obtaining benefits. Here, that qualification was undoubtedly met. No one is arguing that Roenigk did not have enough qualifying quarters to receive benefits. Because this was not the basis on which his claim for benefits was denied, the fact that he has "paid in" adequately is

not relevant to this appeal.

Next, Roenigk quibbles with the fact that the ALJ stated in his decision that he was "not disabled, and *has not been disabled.*" (Tr. at 19). Roenigk asserts that he has in fact been deemed disabled by the SSA in the past: he received benefits in the mid-1980s. While this may be error, it is not the sort of error that requires reversal. This error is likely the result of the Social Security Administration's insistence on utilizing boilerplate language in their decisions. It is not entirely clear whether the ALJ actually failed to appreciate that Roenigk had previously received benefits or simply failed to adequately edit the boilerplate language of the order. Even assuming that he failed to appreciate that Roenigk had once received benefits, knowing this would not likely alter the ALJ's current understanding of the medical records and opinions that informed his decision that Roenigk was not disabled within the meaning of the Social Security Act during the time in question.

Furthermore, Roenigk argues that the ALJ's "findings of fact and conclusions of law in finding #4 are not correct." (DE #12 at 2). In challenging "finding #4," Roenigk is challenging the ALJ's decision at Step 3 of the sequential analysis. At Step 3, the ALJ found that Roenigk did not meet or medically equal the severity of Listing 12.04, Affective Disorders. In considering Listing 12.04, the ALJ found that there was medical documentation

-8-

that Roenigk suffered mild restrictions in activities of daily living, moderate difficulties in social functioning, and moderate difficulties in concentration, persistence or pace. He also found that Roenigk suffered one episode of decompensation of extended duration. Roenigk argues that he indeed had marked restrictions in his activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace, and that he also suffered repeated episodes of decompensation of extended during. He relies *solely* on his own statements about the severity of his symptoms, citing to no medical evidence whatsoever. Unfortunately for Roenigk, to be found disabled at Step 3 of the sequential analysis, there must be medical documentation to support these assertions. He has not pointed to any medical records that would support a finding that his impairments met or equaled the criteria of Listing 12.04. Likewise, this Court's review of the record does not reveal that any medical source found that Roenigk either met or equaled the criteria for Listing 12.04.

Roenigk also argues that the ALJ's RFC is incorrect and that the ALJ's findings and conclusions at Step 5 are not supported by substantial evidence. According to Roenigk, the history of his getting and losing jobs during the relevant time period demonstrates that he could get work but could not keep it. While Roenigk is working successfully now (or was at the time his brief

-9-

was filed) he maintains that, during the relevant time period, he could not work. According to Roenigk, this is the nature of his illness, and it is quite possible that at some point in the future he will again be unable to work.

The ALJ stated several reasons for his RFC finding. The ALJ acknowledged difficulties with social functioning but noted that there was not a medical opinion indicating that his limitations in this area would prevent superficial interactions with co-workers and supervisors for 12 consecutive months. (Tr. at 14). The ALJ noted that Roenigk did work part time during the time period at issue and even worked full time very briefly. (Tr. 14). The ALJ also noted that the medical evidence did not establish that difficulties in concentration were more limited than noted in the RFC. (Tr. at 14). In fact, the ALJ noted, treatment notes from Roenigk's therapists during the relevant time showed adequate attention and concentration during much of the period for which Roenigk seeks benefits. (Tr 14-15). The ALJ also noted that the episode beginning in January of 2011 resulted in a change of Roenigk's medication, and he has not suffered any further episodes since that change. (Tr. at 16).

This Court, in reviewing the ALJ's decision, does not reweigh the evidence. If there is substantial evidence to support the ALJ's decision, even if this Court would have reached a contrary decision, the decision must be affirmed. *See Jens v.*

*Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003)("The issue before this court is whether the ALJ's findings were supported by substantial evidence, not whether [the claimant] is disabled....[I]f the findings of the Commissioner of Social Security are supported by substantial evidence, they are conclusive."). Here, the ALJ relied upon substantial evidence to support his decision. In this circumstance, the fact that a different ALJ may have looked at the same evidence and reached a different conclusion does not warrant reversal.

Lastly, Roenigk raised several arguments in his reply brief that were not raised in his opening brief. For example, he argues that the ALJ misapplied the special technique to evaluate his mental health condition, that the SSA should have sought an independent medical evaluation, that the ALJ is not a licensed psychiatrist and was not qualified to diagnose mental illness, and that the medical records do not adequately reflect the severity of his illness due to limited treatment during the relevant time period. While this Court understands that Roenigk is representing himself, that does not absolve him from the need to follow the rules. Arguments not raised in the opening brief are waived. *See Young v. Colvin*, No. 1:13-cv-01602, 2015 WL 1190095, at *7 n.5 (S.D. Ind. Mar. 13, 2015); *Citizens Against Ruining the Env't v. EPA*, 535 F.3d 670, 675 (7th Cir. 2008) ("It is improper for a party to raise new arguments in a reply because

it does not give an adversary adequate opportunity to respond.").

CONCLUSION

For the reasons set forth above, the Commissioner of Social Security's final decision is **AFFIRMED.**

**DATED: August 10, 2015**           **/s/ Rudy Lozano, Judge**
                                     **United States District Court**